Daniel, Judge,
 

 after stating the case as above, proceeded ®-s follows: In a considerable class of cases, a devise or bequest of
 
 what shall remain or be left
 
 at the decease of the
 
 ~
 
 “ prior devisee or legatee, has been held to be void for uncertainty.
 
 Bland
 
 v.
 
 Bland, 2
 
 Cox. 309—
 
 Wynne
 
 v.
 
 Hawkins,
 
 1 Bro.
 
 C. C. 179—Sprague
 
 v.
 
 Barnard,
 
 2 Bro. C. C.
 
 585
 
 — Pushman
 
 v. Filliter,
 
 3 Ves. 7—
 
 Wilson
 
 v.
 
 Major,
 
 11 Ves.
 
 205
 
 — Bull v.
 
 Kingston,
 
 1 Mer.
 
 314
 
 — Eade v.
 
 Eade,
 
 5 Madd. 118. But, it may be remarked, that where a part of
 
 *427
 
 the property comprised in such a gift.consists of household furniture, or other articles of a perishable nature, (as in this case,) these words may fairly be considered as referring to the use and wear by the first taker. Such, it is clear, would be the construction, if it were limited to him expressly for life. Powell on Devises, 352. (Jarman’s note.) indeed, there not any case in which such expressions have been held to render the gift void, where the interest of the first taker was so limited for life; and
 
 Cooper
 
 v. Williams, Pre. Ch. 71, pl. 64, is an authority against such a construction. We, therefore, are of the opinion that the widow had but a life estate in the slaves. •
 

 for uncei--aBut of the comprised ,sists °f household furniture or ¡fes of a1" perishable nature,these words may ^¿utered as referring to the use and wear of^^g*1^ if ^ expressly for lire; and indeed anyWsenin whioh ?ach expressions have been tier the gift of the „‘ass So i¡m-lor hle‘
 

 Secondly;
 
 we are of the opinion that the testator’s son, Alexander, did not take a vested interest in remainder in this property. The remainder in the land, and the executory ,1 .*•
 
 J
 
 . ^ devise in the personal property, were contingent, dependant upon the event of Alexander dying before his mother, and leaving children who should survive her. Alexander, died ^ in his mother’s life time; he was not entitled to any of the estate, as nothing vested in him. The two plaintiffs (sons Alexander,) may die before their grand-mother; but if do not, the whole estate will vest in them on the tion of her life. The context of the will shews that the testator used the words “ lawful heirs” of Alexander, as synoni- ... 1777 _ _
 
 J
 
 moas with the word
 
 children
 
 of Alexander. It says, if Alexander shall die
 
 childless,
 
 then the remaining property, after the death of his wife, shall be sold to maintain the
 
 *
 
 preachers. We therefore think the plaintiff had a right to file this bill.
 

 Upon the evidence connected with the admitted facts, the widow has set up a claim to the absolute disposition the slaves, and has actually sold some of them, this is a proper case in which security should be required for the coming of the negroes, if alive, at the death of the widow, or to abide the future order of the Court. The Clerk of the Court is directed, therefore, to enquire and report as to the value of the said slaves, what security has been already taken, and what further security may be necessary. And the further consideration of the case is reserved.
 

 Per Curiam. Decree accordingly.